**John A. NEAL and John G. Duffy, individually and doing business as Workshop Publications, a co-partnership, Plaintiffs,**

v.

**THOMAS ORGAN CO., a California corporation, Defendant.**

No. 1193–59–S.

United States District Court
S. D. California,
Central Division.
April 16, 1965.

---

Irwin O. Spiegel, Beverly Hills, Cal., for plaintiffs.

Slavitt, Edelman & Weiser, by Herbert M. Weiser, Beverly Hills, Cal., for defendant.

FRED M. TAYLOR, District Judge.

The Court of Appeals for this Circuit having reversed the judgment of this court insofar as it held the plaintiffs' copyright invalid, and vacated that part of the judgment concerning unfair competition, the cause is here again for further proceedings not inconsistent with the opinion of that court. Subsequent to the decision of the Court of Appeals, it was agreed between court and counsel that the case could be submitted to the court without any further proceedings, except the submission of briefs by counsel. Counsel for the respective parties have submitted excellent briefs which have been fully considered by the court in light of the record and the decision of the Appellate Court.

Inasmuch as the Court of Appeals held "that under the circumstances of this case it was clearly erroneous to hold that appellants do not have a valid copyright

valid against the whole world", it appears that the only question remaining in regard to this aspect of the case is one of damages.

■ The Findings of Fact made and entered by this court were approved and adopted by the Appellate Court and are not now controverted, except defendant desires findings in regard to its defenses of express or implied license or shop rights. This court did not and does not now find any evidence to support these defenses. The evidence is to the contrary and the court's failure to enter findings, as to these defenses, is tantamount to findings adverse to defendant's contentions. See Switzer Brothers, Inc. v. Locklin, 297 F.2d 39 (7th Cir. 1961).

■ It is recognized that it is within the discretion of the court and available proof to determine the damages that should be awarded. The object of Section 101(b) of the Copyright Act is to take the profit out of copyright infringement when the profits can be ascertained or, in lieu thereof, permit an award of statutory damages based on the number of the infringing articles involved. Here there is sufficient evidence from which it can be reasonably determined what profits the defendant received as a result of infringing plaintiffs' copyright. This court found that defendant had sold approximately 5,578 courses between March 19, 1959, and the time of trial (Finding of Fact XVII). The record reveals that defendant realized gross receipts from these sales of $57,026.34 and that the direct cost of production amounted to $24,131.67. Defendant contends, and there is evidence to support this contention, that its indirect costs of doing business amounted to 14.7 per cent. Plaintiffs argue that the evidence of indirect costs should not be considered because it was not shown that said per cent applied to the cost of selling and distributing the infringed courses. After reviewing the evidence, and particularly the testimony of Mr. Silliman, the court believes it is fair and reasonable to find that said per cent for indirect costs should be deducted from the gross receipts. It is common knowledge that any business has indirect costs and this per cent should apply in the selling and handling of the courses by defendant the same as it would apply in the handling of any other items. After deducting this per cent from the gross receipts, which amounts to the sum of $8,382.87, and then deducting the direct costs of producing the courses in the amount of $24,131.67, the court finds that the defendant's net profit amounted to the sum of $24,511.-80.

■ Defendant urges that the award of damages to plaintiffs should be reduced by apportioning profits to the copyrighted material. While it is true that the copyright protection does not extend to the phonograph records, which comprise a part of the course, this court found in Finding of Fact XVIII that the records had no purpose when separated from the instruction manual and that only the course as a whole had any substantial value. This uncontroverted finding was also approved by the Appellate Court. Defendant's profit must be attributed to the sale of the course as a whole and the profit can not be apportioned since none were, and could not have been, derived from the sale of the records alone. See Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940).

■ The court finds and concludes that up to the time of trial plaintiffs are entitled to damages in the sum of $24,511.80 as a result of the infringement by defendant of plaintiffs' copyright.

The judgment of this court concerning the unfair competition claim of plaintiffs was vacated and remanded for consideration by this court under the federal law of unfair competition. This court originally held that the state law applied but the Court of Appeals noted that since there was no diversity of citizenship and in view of its decision in Bliss v. Gotham Industries, Inc., 316 F.2d 848 (9th Cir. 1963), the law of the State of California was not applicable. The Appellate Court further noted that under the Lanham Act

(15 U.S.C.A. § 1126) there has been created a substantive federal law of unfair competition. With particular reference to such law and the facts of this case, the Court of Appeals said:

"Because 'copying' was admitted, the court ordinarily would be required to consider whether a case of unfair competition had been made out, by proof that defendants 'palmed off' their product, or by proof of secondary meaning as to source, either of which had deceived, or could deceive, the public. There appears no such proof in the record before us,[7] but do we know there might not have been, had the court below been of the view that federal rather than state law applied?" Neal v. Thomas Organ Co., 325 F.2d 978 at 984 (9th Cir. 1963).

In footnote 7 the court noted that:

"In fact, quite the contrary may be true. We note the deletion of Duffy's name, and the shorter title, on the subsequent recordings." Ibid.

 This court originally recognized that defendant's conduct in regard to its appropriation of plaintiff Duffy's organ performance on a part of the records, might be actionable under state law. The court's independent research has failed to reveal any federal law on this point. The only case referred to by plaintiffs is International News Service v. Associated Press, 248 U.S. 215, 39 S. Ct. 68, 63 L.Ed. 211 (1918), but that case has been limited to its own particular set of facts. See Cable Vision, Inc. v. KUTV, Inc., 335 F.2d 348 (9th Cir. 1964). Plaintiffs here desire to claim unfair competition for the reason that defendant deleted Duffy's name from its records. Since the Court of Appeals recognized this deletion by its remarks in footnote 7, supra, to the effect that the deletion revealed an intent on the part of defendant not to engage in the recognized areas of unfair competition under federal law, i. e., "palming off" and "secondary meaning", this court is of the opinion that the deletion of Duffy's name from the records did not constitute unfair competition. This court has not found any federal law and none has been cited by plaintiffs to the effect that the appropriation of Duffy's performance on part of defendant's records constitutes unfair competition and since it is clear from the record that no case of "palming off" or "secondary meaning" exists, this court finds and holds that plaintiffs have failed to establish their claim of unfair competition. However, assuming arguendo that plaintiffs do have such a claim, then it is the opinion of this court that under the evidence of this case they would not be entitled to more than nominal damages in the amount of $1.00.

 Under the circumstances of this case, the court is of the opinion that plaintiffs are entitled to attorneys' fees and finds the sum of $8,000.00 to be fair and reasonable.

Accordingly, plaintiffs are entitled to a judgment providing: for the sum of $24,-511.80 damages; for the sum of $8,000.-00 attorneys' fees; for a permanent injunction from the further manufacture and sale of plaintiffs' copyrighted material; and that defendant account to the court and plaintiffs in regard to defendant's manufacturing and sales from the after April 23, 1962, to the date of judgment herein.

Counsel for the plaintiffs shall prepare Findings of Fact, Conclusions of Law and a proposed Judgment, serve copies of the same on counsel for the defendant and submit the originals to the court.